IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH S. ZISKIND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 10 C 4102 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| ROGER FOX and THE FOXMOR | ) |
| GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Deborah Ziskind filed suit against Roger Fox and The FoxMor Group, Inc. ("FoxMor") (collectively, "defendants"), alleging negligence arising from Fox's careless transport of a briefcase. Ziskind alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as she is a citizen of Pennsylvania, Fox is a citizen of Illinois, FoxMor is incorporated and has its principal place of business in Illinois, and the amount in controversy is over $75,000. Before the court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), challenging Ziskind's citizenship. For the following reasons, the motion [#6] is denied.

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the party asserting jurisdiction. *United Phosphorus, Ltd.* v. *Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). In determining whether subject matter jurisdiction exists, the court must accept all well-pleaded facts alleged in the complaint and draw all reasonable inferences from those facts in the

1

plaintiff's favor. *Sapperstein* v. *Hager*, 188 F.3d 852, 855 (7th Cir. 1999). "Where evidence pertinent to subject matter jurisdiction has been submitted, however, 'the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists.'" *Id.* (quoting *United Transp. Union* v. *Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)) (internal citations omitted).

Federal district courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). When suing multiple defendants in a diversity action, a plaintiff "must meet the requirements of the diversity statute for each defendant or face dismissal." *Newman-Green Inc.* v. *Alfonzo-Larrain*, 490 U.S. 826, 829, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989) (citing *Strawbridge* v. *Curtiss*, 3 Cranch 267, 2 L. Ed. 435 (1806)). This jurisdictional burden rests with the party alleging diversity, and the allegations must be supported "by competent proof." *Thomson* v. *Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942); *see also Chase* v. *Shop'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) ("[T]he party seeking to invoke federal diversity jurisdiction . . . bears the burden of demonstrating that the complete diversity . . . requirement[ ] [is] met."). The Seventh Circuit has interpreted this requirement as a preponderance of the evidence standard. *See NLFC, Inc.* v. *Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995); *Gould* v. *Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993); *Shaw* v. *Dow Brands, Inc.*, 994 F.2d 364, 366 n.2 (7th Cir. 1993).

**BACKGROUND**

FoxMor, an Illinois corporation with its principal place of business in Illinois, is a consulting firm focused on plastics manufacturing. On July 21, 2008, Fox, an employee of FoxMor and an Illinois citizen, attended an industry conference in Las Vegas in furtherance of

FoxMor's business. Ziskind, who dated Fox from February 2007 to May 2010, attended portions of the conference with Fox as an invited guest. Following the conference that same day, Fox packed a briefcase with a computer, written conference materials, and documents relating to FoxMor's business operations in preparation for his return to Chicago. Ziskind alleges that Fox then disregarded his duty to exercise ordinary care in the management and control of his briefcase when he threw the briefcase over his shoulder and struck her with it. As a result, Ziskind alleges that she suffered injuries of a personal and pecuniary nature, including physical and emotional injuries, disabilities, medical expenses, pain and suffering, and physical and emotional trauma, all of which she claims will continue in the future.

Ziskind alleges that she is a citizen of Pennsylvania, where she was born and primarily lived until moving to Chicago in November 2003.[1] She claims that she moved to Chicago to organize a series of conferences for a Pennsylvania corporation she helped found, the Global Conference Institute ("GCI"). Ziskind's proclaimed intent was to expand GCI in Pittsburgh and Washington, D.C. and to return to Pittsburgh or relocate to Washington, D.C. Since November 2003, Ziskind has operated GCI either out of an office or from her apartment in Chicago. During this time, she has applied and interviewed for jobs in Chicago, Pennsylvania, Washington, D.C., and New York.[2]

While in Chicago, Ziskind has lived in a rental apartment, with a lease term of no more than one year at a time. Fox maintains that, during the time he and Ziskind dated, they visited Pennsylvania only once or twice a year for three to four days at a time, where they stayed at hotels, not at any private residence. Ziskind claims that she planned to return to Pittsburgh in

---

[1] Ziskind attended college in Massachusetts from 1979 to 1983, and lived in New York from 1989 to 1995.
[2] Ziskind maintains that since 2006, her focus has been on relocating to Pennsylvania or Washington, D.C.

December 2009 and had begun making arrangements for this move. These arrangements were cancelled, however, due to her "physical disabilities and physical inability to move from [her] present living quarters." Pl.'s Aff. ¶ 23. Ziskind contends that she informed Fox of her intent to return to Pittsburgh in July 2008 and the fall 2009, at which point Fox allegedly offered to drive her back to her home in Pittsburgh.[3]

Even though she has lived in Chicago since November 2003, Ziskind has a valid Pennsylvania driver's license, and her car is titled, registered, located, and insured in Pennsylvania. She is registered to vote in Pennsylvania and has voted there either in person or by absentee ballot. Ziskind has been active in Pennsylvania politics during her time in Chicago, serving as co-chair of Citizens to Re-Elect Governor Edward Rendell and as a volunteer for President Barack Obama's 2008 campaign in Pennsylvania, and remains involved in community and religious activities in Pittsburgh.[4] She continues to file tax returns in Pennsylvania and has used Pennsylvania as her address for federal income tax purposes. Ziskind's health insurance is through a Pennsylvania company. Although she opened a bank account in Chicago, her primary bank accounts remain with banks in Pennsylvania.[5] She has not changed her mobile telephone number to reflect a Chicago-based area code.

## DISCUSSION

To determine a party's citizenship for purposes of diversity jurisdiction, courts evaluate the facts at the time the suit was filed. *Johnson* v. *Wattenbarger*, 361 F.3d 991, 993 (7th Cir.

---

[3] Fox maintains that this was not the case.
[4] Ziskind highlights her involvement with the Pittsburgh Chamber Music Society and a synagogue in Pittsburgh in her initial affidavit. Fox responds in a supplemental affidavit that Ziskind was actively involved in the Chicago Chamber Musicians and a member of a synagogue in Chicago. Ziskind maintains that she is active with various music organizations throughout the country and that her involvement with the Chicago Chamber Musicians ceased in late 2008.
[5] In a supplemental affidavit, Ziskind states that she opened a bank account in Chicago for convenience purposes only.

4

2004) ("Whether § 1332 supplies subject-matter jurisdiction must be ascertained at the outset; events after the suit begins do not affect the diversity jurisdiction."). "[C]itizenship means domicile, not residence," *Am.'s Best Inns, Inc.* v. *Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam), and "domicile is the place one intends to remain," *Dakuras* v. *Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). In determining Ziskind's domicile, the court must consider both Ziskind's physical presence in a state and her intent to remain there. *Texas* v. *Florida*, 306 U.S. 398, 424, 59 S. Ct. 563, 83 L. Ed. 817 (1939); *Denlinger* v. *Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Ziskind's physical presence in Illinois beginning in November 2003 is undisputed, but her intent to remain is disputed.

"A domicile once established . . . continues until a new domicile is acquired." *Koerber* v. *Apollo Golf, Inc.*, No. 93 C 711, 1993 WL 39630, at *1 (N.D. Ill. Feb. 16, 1993). Thus, Ziskind, who was born and raised in Pennsylvania, must have moved to Illinois with the intent to establish a permanent home there in order to have changed her domicile. *See id.* Intent to remain is "a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct." *Sadat* v. *Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980) (citation omitted) (internal quotation marks omitted). In determining intent, the court may consider, among other things, current residence, voter registration, driver's license and vehicle registrations, place of employment, payment of taxes, location of belongings and personal property, presence of family members, and extent of social involvement in the surrounding community. *See, e.g.*, *id.* at 1181 & n.5; *Gravdahl* v. *Conwell*, No. 00 C 0579, 2002 WL 398599, at *1 (N.D. Ill. Mar. 14, 2002).

Courts have created a presumption favoring an individual's old, established domicile over a newly-acquired one. *See Zafar* v. *Matlock*, No. 92 C 5807, 1992 WL 370171, at *1 (N.D.

5

Ill. Dec. 2, 1992); *Lew* v. *Moss*, 797 F.3d 747, 751 (9th Cir. 1986). Defendants' contention that Ziskind is an Illinois citizen, based on her residence in the state, interviewing for employment in and operating her business from Chicago, joining a synagogue and a chamber music organization, and opening a bank account here, are not sufficient to undermine Ziskind's contention, supported by her affidavit and attachments, that she remains, for purposes of diversity jurisdiction, a Pennsylvania citizen. Despite being physically present in Illinois for over six years, there is little evidence suggesting that Ziskind intended to establish a permanent home in Illinois; in fact, the weight of the evidence points to Ziskind's taking great pains to maintain her Pennsylvania citizenship. Accordingly, the court concludes that Ziskind has met her burden of demonstrating that diversity jurisdiction exists, and defendants' motion will be denied.

## **CONCLUSION AND ORDER**

For the foregoing reasons, defendants' motion [#6] is denied. Defendants have until September 15, 2010 to answer the complaint.


Dated: September 1, 2010          ENTER: _____
                                         JOAN HUMPHREY LEFKOW
                                         United States District Judge